**UNITED STATES of America,
Plaintiff,**

v.

**Andrew JACKSON, Keyston
West, Defendants.**

**CRIMINAL ACTION NOS. 3:00–CR–
6–01, 3:00–CR–6–02, 3:00–CR–46–
01, 3:00–CR–46–02.**

United States District Court,
N.D. West Virginia,
Martinsburg Division.

March 27, 2002.

Jeff Harris, Morgantown, WV, James B. Zimarowski, Morgantown, WV, Keith L. Wheaton, Martinsburg, WV, for defendant.

## MEMORANDUM OPINION AND ORDER OF POST–TRIAL MOTIONS

BROADWATER, District Judge.

The above styled matter is now before the Court for consideration of the defendants' post-trial motions for judgment of

acquittal or, in the alternative, motions for a new trial pursuant to Federal Rules of Criminal Procedure 29(c) and 33.[1] After reviewing the parties motions, oral arguments, and relevant legal authority, the Court finds that the defendants' motions should be denied.

## A. Severance

Both the defendants argue that the Court erred in denying their motions for severance. Defendant West argues that severance of defendants was necessary to avoid undue prejudice, and both defendants argue that Count 3 of the Indictment should have been severed for purposes of trial. Essentially, West argues that "spillover" evidence against Jackson prejudiced him before the jury. Both defendants argue that Count 3 should have been severed because the defendants wished to testify to that count but not the other counts in the Indictment.

During the Pre–Trial Conference, the Court denied the defendants' motions to sever holding that there is a preference in the Federal system for a joint trial of defendants who are indicted together. *See Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *see also United States v. Brooks*, 957 F.2d 1138 (4th Cir.1992). The Court relied upon

Rule 8 of the Federal Rules of Criminal Procedure that provides for both joinder of offenses based on two or more acts or transactions connected together, or constituting parts of a common scheme or plan, and for joinder of defendants where they are alleged to have participated in the same series of acts or transactions constituting an offense or offenses.

The Court found that in this particular respect, one defendant may be tried with a co-defendant named in a continuing criminal enterprise ("CCE") count if properly connected. *See United States v. Porter*, 821 F.2d 968 (4th Cir.1987). In *Porter*, all of the defendants were alleged to have participated in a drug distribution scheme run by the named defendant in the CCE count, which the Court concluded was the same situation as in this case. As in *Porter*, the Court found that joinder was proper under Rule 8(b) because the Indictment charged defendant Jackson with a CCE, based on a series of crimes, including those involved with defendant West.

The Court further concluded that defendant West's alleged participation in the drug conspiracy and his alleged drug distributions were part of the same series of transactions that culminated in the CCE killing alleged in Count 3 of the Indictment. Therefore, relying upon *United*

---

**1.** Following an eight day jury trial, defendant Jackson was found guilty on the following counts: Count 1 in Indictment 3:00–CR–06, a continuing criminal enterprise in violation of 21 U.S.C. § 848; Count 1 in Indictment 3:00–CR–46, a conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(iii); Count 3 in Indictment 3:00–CR–06, an intentional killing in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A); Counts 4, 6, 9, and 10 of Indictment 3:00–CR–06, distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); and Count 5 in Indictment 3:00–CR–06, the use or carrying of a firearm, during and in relation to the

drug trafficking crime charged in Count Four, or the possession of a firearm in furtherance of the drug trafficking crime charged in Count Four in violation of 18 U.S.C. § 942(c)(1). Defendant West was convicted on: Count 1 in Indictment 3:00–CR–46, conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(iii); Count 3 in Indictment 3:00–CR–06, an intentional killing in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A); and Counts 10 and 11 of Indictment 3:00–CR–06, distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

*States v. Tipton,* 90 F.3d 861 (4th Cir. 1996), the Court found joinder of Count 3 was proper under Rule 8(a) because it served as a predicate offense for the CCE count. When offenses are joined under Rule 8(a), evidence of one criminal offense will ordinarily be admissible in the trial of other similarly indicted offenses. *See United States v. Foutz,* 540 F.2d 733 (4th Cir.1976).

After reviewing the Indictment, the Court found that the CCE killing in Count 3 was part of the same series of acts or transactions as the drug conspiracy and the drug distributions because the killing was alleged to have been done in further-ance of the CCE. Additionally, in *United States v. Chin,* 83 F.3d 83 (4th Cir.1996), the court held that a drug conspiracy was a lesser included offense of a CCE. Final-ly, the Court concluded that the CCE kill-ing in Count 3 was intrinsic to the alleged drug conspiracy and the individual drug counts contained in the Indictment and not Rule 404(b) evidence.

■ Based upon the above, the Court reviewed the defendants dilemma of testi-fying as to one count, while wishing to refrain from testifying as to the other counts. Relying upon *Goldman* and *Bak-er,* the Court held that the timely and bona fide election by a defendant to testify as to some counts and not to others requires a strong showing. *See United States v. Goldman,* 750 F.2d 1221 (4th Cir.1984); *Baker v. United States,* 401 F.2d 958 (D.C.Cir.1968). In this case, severance on this issue required a ruling before trial, but left the defendants' decision to testify or not to testify open until the moment they would take the stand at the ultimate trial. After reviewing the arguments and memoranda of counsel, the Court found that the defendants did not make a con-vincing showing that it was important tes-timony to give concerning one count and a strong need to refrain from testifying on

another. Therefore, severance of counts was not justified and the Court finds no error in this ruling.

## B. Defendant Jackson's Motion for Judgment of Acquittal or, In The Alternative, Motion for New Trial

### 1. Disqualification of Attorney Wheaton

■ Defendant Jackson's next claim of error was the Court's denial of a continu-ance after disqualifying attorney Wheaton and replacing him with new counsel a week before trial. The Court first notes that the defendant did not make his motion to continue until the morning of trial. Sec-ondly, the Court specifically relied upon the Fourth Circuit's holdings in *United States v. Robinson,* 275 F.3d 371 (4th Cir. 2001) and *United States v. Tatum,* 943 F.2d 370 (4th Cir.1991), to find that the disqualification of attorney Wheaton was proper and that the case should go for-ward as scheduled. Attorney Harris had been acting as counsel for the defendant since June 13, 2001, was well versed in the case, and was competent to serve as trial counsel for defendant Jackson. Addition-ally, the Court appointed James Zimarow-ski, another experienced trial attorney, to assist Harris in the defense of this case. This appointment was made at the request of attorney Harris. The defendant has not shown any prejudice by the Court's refusal to grant his last minute motion for a con-tinuance, and neither does a review of the record indicate that any prejudice existed.

### 2. Criminal Continuing Enterprise and CCE Murder

Jackson also argues that the evidence was insufficient as a matter of law to sup-port the defendant's conviction for the CCE count and the CCE Murder. In order to support a conviction for a viola-tion 21 U.S.C. § 848, the United States

must prove the following five elements: (1) defendant committed a felony violation of the federal drug laws; (2) such violation was part of a continuing series of violations of the drug laws; (3) the series of violations were undertaken by defendant in concert with five or more persons; (4) defendant served as an organizer or supervisor, or in another management capacity with respect to these other persons; and (5) defendant derived substantial income or resources fro the continuing violations. *See* 21 U.S.C. § 848; *United States v. Ricks,* 882 F.2d 885 (4th Cir.1989).

■ A review of the evidence presented at trial clearly shows that there was more than adequate evidence upon which the jury could properly conclude that Jackson violated 21 U.S.C. § 848. The evidence at trial established numerous violations of the drug laws that were continuing in nature and involved at least five people. There was also evidence upon which the jury could rely to find that Jackson was an organizer or leader of the individuals participating in the drug conspiracy. Finally, there was evidence that defendant Jackson owned at least two vehicles, did not have a job, and had a safe containing a great deal of money in his apartment, which would support the jury's finding that he derived substantial income or resources from the continuing violations.

As to the CCE Murder, the Court also finds that the evidence was sufficient at trial so that the jury could find that the defendant was engaged in or working in furtherance of a CCE and that the killing occurred while the defendant was so engaged. *See United States v. Tipton,* 90 F.3d 861 (4th Cir.1996).

### 3. 18 U.S.C. § 924(c) Instruction

The defendant objects to the Court's instruction concerning the elements of the offense of using or carrying a firearm in relation to a drug trafficking offense.

Specifically, Jackson argues that because the Indictment charged the defendant in the conjunctive, the Court should have instructed the jury in the conjunctive instead of the disjunctive.

Relying upon the Fourth Circuit's holding in *Dickerson,* stating that a conjunctive charge, disjunctive proof instruction is given to inform the jury that, although an indictment may charge that a defendant committed an offense in a number of different ways, the jury need find that the defendant committed the offense in only one of the listed ways, the Court denied the defendant's objection. *See United States v. Dickerson* 2001 WL 1658887 (4th Cir.2001) (unpublished). The defendant has provided no authority contrary to *Dickerson,* and the Court finds that the instruction as to 18 U.S.C. § 924(c) was a correct statement of the law.

### 4. Testimony of Officer Pitsnogle

Jackson argues that the Court erred in admitting the testimony of Officer Martin Pitsnogle concerning the defendant's arrest on state charges at a motel in Hagerstown after the return of the Indictment. The Court admitted the officer's testimony concerning post-indictment "bad acts" under Rule 404(b) of the Federal Rules of Evidence for the purpose of showing intent, plan scheme, or design with respect to the charged conspiracy and CCE. To determine the admissibility of this evidence, the Court balanced its probative value against the prejudice to the defendant. *See United States v. Fish,* 952 F.2d 397, 1991 WL 263120 (4th Cir.1991) (unpublished). An examination of the testimony to be offered by the officer revealed that the evidence was prejudicial to the defendant in the sense that all relevant evidence increases the likelihood of conviction. However, the officer's testimony concerning the post-indictment arrest of

Jackson was relevant to not only the drug violations charged in the Indictment, but also the firearm violation. The defendant has failed to show that the probative value of the evidence from Officer Pitsnogle's testimony was outweighed by its prejudicial effect.

### 5. Statements of Officer on Various Audio Tapes

Jackson asserts that the Court erred in permitting the introduction of numerous hearsay statements, over the objection of the defendant, which were made by Corporal Ted Snyder on various audio tapes introduced by the Government at trial. The defendant is referring to the introductory comments made by the officer at the time the recordings were made. These statements were made to aid the officer in identification of the tapes and were not offered for the truth of the matter asserted. Furthermore, Corporal Snyder was present in the courtroom, testified, and was subject to cross-examination. Therefore, the Court finds no prejudice to the defendant from the introduction of these statements on the tapes.

### 6. Telephone Calls

Jackson's final argument in support of his motion, which is also error raised by defendant West, is that the Court erred in admitting, over the objection of the defendant, portions of various phone calls made by Jackson while he was incarcerated at the Eastern Regional Jail on unrelated charges. The United States sought to admit the tapes as evidence of the connection between Jackson and West, the use by Jackson of aliases, the receipt by Jackson of significant resources from the CCE, and the conspiratorial nature of the relationship between Jackson and West.

The Court reviewed each audio tape outside the presence of the jury to determine their admissibility at trial. After reviewing the audio tapes, the Court sustained some of the defendants' objections finding that the portions of the tape were either too prejudicial and/or irrelevant and that some of the statements by Jackson came close enough to being a confession by the defendant that they raised *Bruton* like issues. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (holding that admission of codefendant's confession that implicated defendant at joint trial constituted prejudicial error even though trial court gave clear, concise and understandable instruction that confession could only be used against codefendant and must be disregarded with respect to defendant). Based upon a review of the record the Court finds no error from the portions of the audio tapes admitted. The portions admitted were relevant to the counts alleged in the Indictment and were admissions by a party against interest. *See* FED.R.EVID. 801(d)(2).

## C. Post–Trial Motions of Defendant West[2]

### 1. Prosecutorial Misconduct

Defendant West's first argument in support of his motion for a new trial, is prosecutorial misconduct. The defendant argues that it was prosecutorial misconduct for Assistant United States Attorney Mucklow to ask Flora Ray, "Did he [West] say he masturbated on the body [of the decedent]?" The defendant relies upon *United States v. Ham,* 998 F.2d 1247, 1252 (4th Cir.1993), overturning a conviction because of admission of evidence of homosexuality and child molestation, for his argument that this question was so prejudicial as to require a retrial.

---

**2.** The Court will only address those points raised in defendant West's motion that were

not addressed by the Court in reference to defendant Jackson's motion.

West's reliance upon *Ham,* however, is misplaced. In *Ham,* several witness testified over two days about the alleged sexual molestation of children and homosexuality. *See Ham,* 998 F.2d at 1252. In this case, Ms. Ray initially related West's conduct in relation to his presence and participation in the murder. The United States next followed up this testimony by questioning Ms. Ray concerning the defendant's alleged masturbation on the body of the decedent. This testimony was elicited from this witness only and was relevant to show the defendant's whereabouts at the time and place of the murder. Under a Rule 403 analysis, the Court does not find that the relevance of this evidence was substantially outweighed by its unfair and prejudicial effect. Moreover, defense counsel did not object to the question at the time it was offered, nor at any other time during the trial.

### 2. Denial of The Motion for Change of Venue Due to Pretrial Publicity

The defendant's next argument in support of his motion is the Court's denial of his motion for change of venue. The Court is satisfied that the voir dire of the jury panel more than adequately covered the jury's potential exposure to pre-trial publicity and any effect it might have had on the juror's ability to render a fair and impartial verdict.

### 3. Failure to Perform the Balancing Act Under F.R.E. 609 Regarding a Conviction of Defendant for Unauthorized Use of Vehicle

The defendant argues that the Court erred in failing to perform the balancing act under F.R.E. 609 regarding the defendant's conviction for unauthorized use of a vehicle. West is referring to a conviction that he received in Texas which was used by the Government during cross-examination of the defendant. Rule 609 applies to impeachment by evidence of conviction of crime of witnesses other than an accused and is clearly not applicable here. The evidence of West's conviction was admitted under Rule 404(b) to show the identity of the defendant, which was relevant to issues presented at trial. As well, defense counsel was in possession of West's conviction record before trial and made no motion in limine in reference to this conviction. The Court was confronted by defense counsel's objection during the trial after West had testified on direct and while he was being cross-examined by the Government. Thus, the Court finds no error based on the defendant's argument.

### 4. Lack of Evidence to Support the Convictions

#### a. Conspiracy

West argues that there was not enough evidence to support the conviction for the conspiracy count. However, a review of the evidence clearly establishes enough evidence to support the West conviction for the conspiracy. At least six individuals testified to drug dealings with defendant West, and other witnesses testified to his association with Jackson and their participation in joint drug deals and purchases. There was clearly enough evidence to support the jury's findings as to this count.

#### b. CCE Murder

West claims that there was an utter lack of physical evidence connecting him to the crime scene. However, the defendant fails to acknowledge the testimony of co-defendants Newell and Holt placing West at the crime scene and detailing his participation in the decedent's murder. A review of the evidence presented at trial supports the jury's verdict as to West's participation in the CCE murder.

### 5. Remaining Items

West also argues that various other errors occurred during the trial that sup-

port his motion. The defendant argues that there was a lack of foundation to support Corporal Snyder's opinion that defendant West was a speaker on a tape admitted into evidence. West provides no support for his argument that there was a lack of foundation to support Corporal Snyder's testimony, even if the opinion was based largely on Corporal Snyder's listening to other tapes. A review of the record indicates that Corporal Snyder had heard several tapes on which defendant West was speaking and also spoke directly to West at an undercover buy of crack cocaine. Therefore, there was enough foundation to support Corporal Snyder's testimony that it was defendant West on the tapes. *See* FED.R.EVID. 901(b)(5).

The defendant also asserts in his memorandum that the Court ruled at the Pretrial Conference that the Government place the decedent's clothing in plastic bags and also took the defendant's motion in limine as to these articles under advisement but never issued a ruling. The Court's exact ruling in the Pretrial Order is as follows:

> The Court **DENIED** the defendant's Motion in Limine as to the victim's clothes. However, the Court will take under advisement the condition and/or smell of the clothes before it will allow them in the court.

During trial, the United States moved to admit the clothing and the Court granted the admission. There was no noticeable odor to the Court, and defense counsel did not object on the record when these items were introduced. Therefore, the Court finds no error.

The defendant asserts that the Court erred in admitting evidence that West struck a witness and broke his hand. The Court found at trial that this incident did not rise to the level of Rule 404(b) evidence and that West received notice of the Government's intent with regard to this evidence prior to trial. The situation surrounding the broken hand led to the deceased victim's knowledge of West's real name during a subsequent trip the hospital to receive medical treatment for the injury. Additionally, West's broken hand was an important part of the defendant's defense and, therefore, an important issue in the case. The defendant has failed to show prejudice from this ruling.

West also asserts that he was prejudiced by numerous items being mentioned and marked at the request of the Government but, according to the clerk's notes, not being introduced into evidence by the Government. The United States indicated that some of the exhibits were identified merely to lay a foundation that they were transcribed over to the digital format and to resolve any authentication problems if the defendants wanted to use these items on cross-examination. The Court fails to see how this prejudiced the defendant.

West's final argument is that the Court erred in permitting "rehabilitation" of a witness by reading parts of his statement to the police and his testimony to the grand jury. Specifically, West is referring to the rehabilitation of Rick Nelson. The Court finds no prejudice to the defendant from the redirect examination of the witness with the use of a prior statement in light of the attack on the witness credibility during defendant's cross-examination.

## D. Conclusion

Based upon the foregoing, the Court hereby **ORDERS** that defendant Jackson's Motion for Judgment of Acquittal or, in the alternative, Motion for a New Trial and defendant West's Post–Trial Motions be **DENIED.**[3]

---

**3.** Doc. # 404 & # 407, respectively.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein, the United States Marshal Service, and the United States Probation Office.